**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50221 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00964-DMG |
| v. | |
| CRISTOBAL AMANCIO MORALES, a.k.a. Amancio Cristobal Morales-Beltran, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted September 27, 2016[**]

Before:    TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Cristobal Amancio Morales appeals from the district court's judgment and

challenges the 60-month sentence imposed following his guilty-plea conviction for

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Morales contends that the district court erred in denying his request for safety-valve relief. We review for clear error, *see United States v. Mejia-Pimental*, 477 F.3d 1100, 1103 (9th Cir. 2007), and find none. The record supports the district court's finding that Morales did not truthfully provide the government with all of the information he had concerning the offense. *See* 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5). Moreover, contrary to Morales's contention, his proffer sessions did not constitute a "good faith" effort to cooperate with the government. *See Mejia-Pimental*, 477 F.3d at 1106 (a defendant who provides evasive answers and whose conduct was more extensive than his proffer suggests has not met the good faith standard).

**AFFIRMED.**